UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES,

                                                    03-CR-6124T
            v.                                  **DECISION**
                                                    **and ORDER**

ROBERT JORDAN,

                      Defendant.
_____

     On December 12, 2003, defendant Robert Jordan was sentenced by this court to a 120 month term of imprisonment pursuant to his plea of guilty to a one-count indictment charging him with possession of child pornography in violation of 18 United States Code § 2252A(a)(5)(B). Although the parties had agreed to a sentencing range of 27 to 33 months imprisonment in the plea agreement, this court determined, based on facts contained in the presentence investigation report, that certain enhancements applied, and that the appropriate sentencing range for the defendant was 103 to 130 months incarceration. Based on this sentencing range, the court sentenced the defendant to 120 months imprisonment, the maximum sentence authorized by statute.

     On October 6, 2004, the Second Circuit Court of Appeals affirmed the sentence, finding that this court properly applied the Sentencing Guidelines in determining the appropriate sentencing range. Nevertheless, because the case of United States v. Booker, 125 S.Ct. 738 (2005) was pending before the United States Supreme Court at the time of the Second Circuit's Affirmance of the

sentence, the Court of Appeals allowed the parties to petition for reconsideration following the Supreme Court's decision in Booker. Thereafter, following the Supreme Court's decision in Booker, and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2nd Cir. 2005), the Court of Appeals remanded this case for further proceedings consistent with the precedent set forth in those cases.

Upon remand, defendant filed two sentencing memoranda urging resentencing on grounds that in sentencing the defendant, this court improperly used a preponderance-of-the-evidence standard in finding certain facts, and using those facts to enhance his sentence beyond the sentencing range contemplated in his plea agreement. Defendant seeks resentencing to a term of imprisonment consistent with the range of 27 to 33 months as set forth in his plea agreement.

Pursuant to the guidance and instructions set forth in Crosby, I find that resentencing in this case is not warranted, and therefore I decline to resentence the defendant. Crosby provides that when a district court judge reviews a sentence remanded pursuant to Booker and Crosby, the judge must first determine whether or not the defendant should be resentenced. In making this determination, the judge is required to ascertain whether or not a new sentence (using the combined sentencing standards set forth in Booker and Crosby) would be materially different from the sentence

imposed previously. Booker 397 F.3d at 120. For the reasons that follow, I find that a new sentence imposed under the Booker precedent would be no different then the sentence previously imposed, and therefore, there is no basis for resentencing the defendant.

Pursuant to Booker and Crosby, the sentencing guidelines are no longer mandatory. Instead, they are to be considered in conjunction with the factors set forth in 18 U.S.C. § 3553(a) including such factors as the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the need for the sentence to afford adequate deterrence and protect the public from further crimes by the defendant; and the need for the sentence to provide the defendant with needed rehabilitation. In determining the appropriate sentence, the court must consider the above stated factors, the guideline range as determined under the sentencing guidelines, and the sentences available. 18 U.S.C. § 3553(a).

I find that based on the above factors, the sentencing guidelines, and the range of appropriate sentences, the 120 month sentence previously imposed by this court is appropriate. As I stated during sentencing, the defendant has a decades-long history of inappropriate sexual contact with minors and interest in child

pornography.  His possession of and attempts to trade child pornography, along with his failure to register as a sex offender based on his state conviction indicate that Jordan presents a threat to the children of any community in which he lives.  A 120 month sentence thus reflects the seriousness of his crime and is appropriate based on the history and characteristics of the defendant.  A 120 month sentence also serves to protect the public from further child molestation or pornography crimes committed by the defendant, and promotes deterrence and respect for the law.

Moreover, a 120 month sentence is consistent with the sentencing range set forth in the Sentencing Guidelines.  This court's guidelines calculations have already been affirmed by the Second Circuit Court of Appeals.  Pursuant to that calculation, I determined that the defendant's guideline range was 103 to 130 months imprisonment.  Although the defendant objects that this court improperly relied on facts that were not proven beyond a reasonable doubt to a jury or admitted to by the defendant, I find the defendant's argument is foreclosed by Crosby.  Crosby held that the previously unconstitutional practice of relying upon facts determined under the preponderance-of-the-evidence standard to enhance a sentence no longer violated a defendant's Sixth Amendment rights because the Guidelines are now merely advisory. Crosby, 397 F.3d at 112.  As stated in Crosby, "[t]he applicable Guidelines range is normally to be determined in the same manner as before

<u>Booker/Fanfan</u>. . . . the sentencing judge will be entitled to find all of the facts that the Guidelines make relevant to the determination of a Guidelines sentence and all of the facts relevant to the determination of a non-guidelines sentence." Thus, district court judges may continue to make factual determinations based on a preponderance-of-the-evidence standard, and apply those facts in determining which guidelines apply.  The fact that the Sentencing Guidelines are no longer mandatory does not vitiate the accuracy of the Guideline range previously calculated. Accordingly, because the appropriate Guideline range in this case is 103 to 130 months, and the § 3553(a) factors support a maximum sentence, I find that the previously imposed sentence of 120 months is appropriate in this case, and decline to resentence the defendant.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
   MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         May 19, 2005